## Marcus Estate.

Argued March 17, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Earl R. Handler,* with him *Handler & Malcolm,* for appellant.

*Richard B. Tucker, Jr.,* with him *B. A. Karlovitz, Donald M. Miller,* and *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION PER CURIAM, April 17, 1961:

Lena Marcus, widow of the above named decedent, filed an election to take against his will. Upon petition of a son of the deceased, and with the consent of all other beneficiaries under the decedent's will except the widow, the court below revoked and vacated the widow's attempted election on the ground that an antenuptial agreement entered into between the deceased and his future wife on the eve of their marriage effectively barred her from claiming a widow's rights in his estate. This action by the court below was eminently correct. The evidence clearly establishes that the deceased made a full and fair disclosure of his property to his prospective bride prior to their execution of the antenuptial agreement and that she was in no way overreached. Nor was the agreement invalidated by a failure of the testator's executors to pay to the widow within six months the sum due her under the terms of the agreement. Her claim under the agreement will now be duly honored by the executors who were well advised to

await the termination of the litigation which the widow's attempted repudiation of the antenuptial agreement had precipitated.

Decree affirmed at appellant's costs.